WILLIAM C. MCNEILL III, STATE BAR NO. 64392
THE LEGAL AID SOCIETY-EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, CA  94104
Telephone:     (415) 864-8848
Facsimile:      (415) 593-0096
wmcneill@las-elc.org

Attorneys for Plaintiffs
SANDRA JOHNSON and JEROME PRIMES

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDRA JOHNSON and JEROME PRIMES** | Case No. 13:15-cv-3104 |
| Plaintiffs, | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| v. | **(WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT, LABOR MANAGEMENT RELATIONS ACT)** |
| **KEOLIS AMERICA** | |
| Defendants. | [29 U.S.C. §185; , 29 U.S.C. § 2104(a)] |
| | [Jury Trial Demanded] |

Plaintiffs Sandra Johnson ["Plaintiff Johnson"] and Jerome Primes ["Plaintiff Primes"] ("Plaintiffs") bring this action against Defendant KEOLIS AMERICA ("Defendant"), and alleges as follows:

## INTRODUCTION

1. Plaintiffs were employed as bus drivers by Defendant **KEOLIS AMERICA** until they were terminated on or about January 23, 2012, allegedly because they both failed background

{00433291.DOC 3}                                   1                      Case No. 13:15-cv-3104
COMPLAINT FOR DAMAGES FOR LABOR RIGHTS VIOLATIONS

checks.  Both plaintiffs were members in good standing of Local 210 of the Transport Workers Union, AFL-CIO.  Subsequent to their terminations, Defendant KEOLIS AMERICA lost the contract it had with the City and County of San Francisco.  Then, presumably in accordance with its obligations pursuant to the Worker Adjustment and Retraining Notification Act ["WARN"], 29 U.S.C. §2104(a), defendant KEOLIS AMERICA sent out WARN notices to certain employees who had not been terminated earlier like the Plaintiffs, but not to these Plaintiffs.  Thus, this action is brought pursuant to WARN, 29 U.S.C. § 2104(a) and the Labor Management Relations Act § 301 [§ 301], 29 U.S.C. §185.  Plaintiff seeks lost wages and benefits, front, pay, compensatory damages, punitive damages, and reasonable attorneys' fees and costs;

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

2.    Jurisdiction: This Court has jurisdiction over Plaintiffs' WARN and §301 claims pursuant to 28 U.S.C. §§ 1331, and 1343(a)(4).  This Court has supplemental jurisdiction over Plaintiff's state law claims under common law contract claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal law claims that they form part of the same case or controversy;

3.    Venue:  Venue is proper in, and Defendant is subject to the personal jurisdiction of, this Court because Defendants maintained facilities and business operations in this District, and the events giving rise to this action occurred in this District. 28 U.S.C. §1391(b);

4.    Intra-district Assignment:  Assignment of this action to the San Francisco Division of this Court is proper pursuant to Local Rule 3-2(c) and (d) because the events giving rise to this action occurred in San Francisco, California.  In particular Plaintiffs were employed and terminated by Defendant in San Francisco County;

## PARTIES

5.    Plaintiff Sandra Johnson is a female of recent African origin;

6.    Plaintiff Jerome Primes is a male of recent African origin;

7.    Defendant KEOLIS AMERICA is a California corporation. Defendant, KEOLIS

COMPLAINT FOR DAMAGES FOR LABOR RIGHTS VIOLATIONS

AMERICA maintained facilities and business operations in this District at all times relevant to this action;

8. Defendant KEOLIS AMERICA was engaged in interstate commerce at all times relevant to this action;

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff **SANDRA JOHNSON** had a number of convictions, primarily for drug related violations prior to December 14, 2007;

10. The date of Plaintiff **SANDRA JOHNSON**'s last conviction was in 2005;

11. On or about December 14, 2007, Plaintiff **SANDRA JOHNSON** was hired by Mobility Plus Tech Transportation ["MPTS"] as a bus driver;

12. MPTS was well aware of the fact that Plaintiff **SANDRA JOHNSON** had a record of convictions;

13. Plaintiff **SANDRA JOHNSON** continued to function in the position of a bus driver in a more than satisfactory manner, indeed, she received an award for her service;

14. During the whole time that she was employed by Defendant **KEOLIS AMERICA**, Plaintiff **SANDRA JOHNSON** was a member of Local 210 of the Transport Workers Union, AFL-CIO;

15. During her complete employment period with Defendant KEOLIS AMERICA was controlled by a Collective Bargaining Agreement ["CBA"];

16. Upon information and belief and based upon said information and belief, Plaintiffs allege that said CBA had provisions limiting reasons for terminations to "just" cause;

17. Additionally, based upon information and belief and based upon said information and belief, Plaintiffs allege that said CBA had provisions allowing for grieving terminations in order to determine if said terminations were for just cause;

18. Sometime in November 2011, it is Plaintiffs' understanding that MPTS was acquired by defendant KEOLIS AMERICA;

19. In November 2011, Plaintiff **SANDRA JOHNSON** took a work related injury

COMPLAINT FOR DAMAGES FOR LABOR RIGHTS VIOLATIONS

leave from defendant KEOLIS AMERICA;

20.    Plaintiff **SANDRA JOHNSON** injured herself on or about October 27, 2011 when she had to move a person in a wheelchair that was way too heavy for her to move;

21.    Plaintiff **SANDRA JOHNSON** had requested that someone else service this individual, and was initial told that someone else would help her, if not do the pickup of the person;

22.    That did not occur; Plaintiff **SANDRA JOHNSON** had to service this individual, which led to her injuring herself;

23.    On or about January 24, 2012, Plaintiff **SANDRA JOHNSON** was terminated from her position as a driver allegedly because she failed a background check because of her earlier convictions;

24.    However, by letter dated May 7, 2012, Ms. Perri Newell, Vice President of Employee and Labor Relations, Plaintiff **SANDRA JOHNSON** was told that Plaintiff **SANDRA JOHNSON** had received an incorrect "Termination Notice" that established that Plaintiff **SANDRA JOHNSON**  was not terminated, but rather she was laid off;

25.    Plaintiff **JEROME PRIMES** had a number of convictions prior to his being hired in June 13, 2007 by MPTS as a bus driver;

26.    The date of Plaintiff **JEROME PRIMES** last conviction was in 2007;

27.    MPTS was well aware of  Plaintiff **JEROME PRIMES** record of convictions;

28.    The date of Plaintiff **JEROME PRIMES** last conviction was in 2007;

29.    On or about January 24, 2012, Plaintiff **JEROME PRIMES** was terminated from his position as a driver allegedly because he failed a background check because of her earlier convictions;

30.    However, by letter dated May 7, 2012, Ms. Perri Newell, Vice President of Employee and Labor Relations, Plaintiff **JEROME PRIMES** was told that he had received an incorrect "Termination Notice" that established that Plaintiff **JEROME PRIMES** was not terminated, but rather he was laid off;

31.    Based upon information and belief, and thereon it is alleged that sometime in May

{00433291.DOC 3}                                        4                                Case No. 13:15-cv-3104

2012, Defendant KEOLIS AMERICA lost the contract with the City and County of San Francisco;

32.    Because of the fact that Defendant KEOLIS AMERICA lost the contract with the City and County of San Francisco, it sent out WARN notices to certain current employees;

33.    However, Plaintiffs were not sent any WARN notices;

## FIRST CAUSE OF ACTION

Failure to Provide Notice to Employees Before Plant Closing or Mass Layoff

in Violation of The Worker Adjustment and Retraining Notification Act

29 U.S.C. § 2104(a)

34.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 33, above;

35.    29 U.S.C. § 2102(a) of the WARN act prohibits an employer from ordering a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order to each affected employee or their representative. 29 U.S.C. § 2102(a);

36.    29 U.S.C. § 2104(a) creates a cause of action against any employer who violates 29 U.S.C. § 2102(a) of the WARN act and fails to provide requisite 60-day notice before the mass layoff or closing. Any affected employee who suffers employment loss as a result may pursue this cause of action;

37.    At all times relevant herein, Plaintiffs were employees of the Defendant KEOLIS AMERICA;

38.    The Defendant KEOLIS AMERICA ordered a mass layoff of over 150 employees in November 2011, which required a 60-day notice under the WARN Act to all affected employees or their representatives;

39.    Plaintiffs were affected employees who would suffer employment loss as a result of the mass layoffs.

40.    The Defendant KEOLIS AMERICA failed to provide a 60-day notice to Plaintiffs;

41.    In violation of the Plaintiffs' rights under 29 U.S.C. § 2102(a) of the WARN,

Defendant KEOLIS AMERICA terminated Plaintiffs in a mass layoff in November 2011 without providing a 60-day notice to the Plaintiffs;

42.    As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer lost wages, employment benefits, and other compensation, entitling him to compensatory damages under 21 U.S.C. § 2104(a)(1);

43.    Plaintiff is entitled to reasonable attorneys' fees and costs;

## SECOND CAUSE OF ACTION

Breach of Collective Bargaining Agreement

under Labor of Management Relations Act § 301

29 U.S.C. § 185

44.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 33, above;

45.    § 301 of the Labor Management Relations Act permits employees to bring an action against employers for breach of collective bargaining agreements between the employer and a labor organization.  29 U.S.C. § 185;

46.    At all times relevant herein, Plaintiffs were employees of Defendant KEOLIS AMERICA;

47. At all times relevant herein, Plaintiffs were members of the Transport Workers Union, AFL-CIO and covered by a collective bargaining agreement between Defendant **KEOLIS AMERICA**  and Transport Workers Union, AFL-CIO**;**

48.    At all times relevant herein, the Plaintiffs were protected by the CBA from being discharged without just cause;

49.    In violation of the collective bargaining agreement, the Plaintiff was discharged from his/her employment without just cause;

50.    Plaintiffs were discharged allegedly because they failed a criminal background check, in spite of the fact that Defendant KEOLIS AMERICA knew that they had criminal convictions, and the had been driving for over four years without any problems;

COMPLAINT FOR DAMAGES FOR LABOR RIGHTS VIOLATIONS

51.    The fact that plaintiffs had criminal convictions did not constitute just cause discharge as Defendant KEOLIS AMERICA knew that Plaintiffs had such records, and they had been driving without problems for over four years with Defendant KEOLIS AMERICA;

52.    As a direct and proximate result of Defendant's unlawful acts, Plaintiffs have suffered and continues to suffer lost wages, employment benefits, and other compensation, in an amount to be proven at trial;

53.    As a further proximate result of Defendant's unlawful acts, Plaintiffs have suffered and continue to suffer injury, including emotional injury, entitling them to compensatory damages in an amount to be proven at trial;

54.    Plaintiff is entitled to an award of punitive damages because Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' rights; and

55.    Plaintiffs are entitled to reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.    For lost wages, lost benefits, and all other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

B.    For compensatory damages on Plaintiff's WARN Act and LMRA claims as permitted by 29 U.S.C. § 2104(a) and 29 U.S.C. § 185 respectively;

C.    For punitive damages on Plaintiff's claim under the LMRA, 29 U.S.C. § 185;

F.    For reasonable attorneys' fees and costs of suit;

G.    For pre-judgment and post-judgment interest on all monetary amounts awarded in this action, as provided by law; and

H.    For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

Dated:  July 6, 2015                              THE LEGAL AID SOCIETY –
                                                  EMPLOYMENT LAW CENTER

                                          By:    /s/ William C. McNeill, III
                                                  WILLIAM C. MCNEILL, III
                                                  Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES FOR LABOR RIGHTS VIOLATIONS