UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANDRA JOHNSON, et al.,

    Plaintiffs,

v.

KEOLIS AMERICA,

    Defendant.

Case No. 15-cv-03104-MEJ

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 12

## INTRODUCTION

Plaintiffs Sandra Johnson and Jerome Primes ("Plaintiffs") are former employees of Defendant Keolis Transit America, Inc. ("Defendant"). Compl. ¶ 1, Dkt. No. 1. They bring this action for damages related to their discharge as bus drivers. *Id.* Pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), in which it argues Plaintiffs' claims are barred by the applicable statute of limitations, among other things. Dkt. No. 12. Plaintiffs filed an Opposition (Dkt. No. 16), and Defendant filed a Reply (Dkt. No. 19). The Court finds this matter suitable for disposition without oral argument and **VACATES** the January 14, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for the following reasons.

## BACKGROUND

On or about December 14, 2007, Johnson was hired by Mobility Plus Tech Transportation ("MPTS") as a bus driver. Compl. ¶ 11. Prior to her hiring date, Johnson had a number of convictions, primarily for drug related violations. *Id.* ¶ 9. The date of her last conviction was in 2005. *Id.* ¶ 10. Primes was hired by MPTS as a bus driver on June 13, 2007. *Id.* ¶ 25. He also

had a record of convictions, with his last conviction being in 2007. *Id.* ¶¶ 25, 28. MPTS was aware of their conviction records. *Id.* ¶¶ 12, 27.

Sometime in November 2011, MPTS was acquired by Defendant. *Id.* ¶ 18. Plaintiffs allege Defendant ordered "a mass layoff of over 150 employees in November 2011." *Id.* ¶ 38. On or about January 24, 2012, Defendants terminated Plaintiffs from their positions as bus drivers allegedly because they failed a background check because of their earlier convictions. *Id.* ¶¶ 23, 29. However, by letters dated May 7 and June 1, 2012, Defendant's Vice President of Employee and Labor Relations, Perri Newell, informed Plaintiffs they had received incorrect "Termination Notices," and that they were not terminated but rather were "laid off." *Id.* ¶¶ 24, 30.

Plaintiffs were members of the Transport Workers Union, AFL-CIO (the "Union"). *Id.* ¶¶ 14, 46. They were employed under a "Collective Bargaining Agreement ['CBA']" which "had provisions limiting reasons for terminations to 'just' cause" and permitted terminated employees to submit a grievance "in order to determine if said terminations were for just cause." *Id.* ¶¶ 15-17, 46-48.[1]

Plaintiffs filed the present Complaint on July 6, 2015, alleging two causes of action: (1) failure to provide notice to employees before plant closing or mass layoff in violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2104(a); and (2) breach of the CBA under the Labor Management Relations Act ("LMRA") section 301, 29 U.S.C. § 185. Compl. ¶¶ 34-55.

Defendant now moves to dismiss Plaintiffs' Complaint, arguing the applicable statutes of limitations bar each of their claims. Mot. at 3. In the alternative, as to Plaintiffs' LMRA cause of action, Defendant argues Plaintiffs cannot allege several elements necessary to support their claim. *Id.* at 6.

---

[1] Defendant requests the Court take judicial notice of the CBA. Req. for Judicial Notice, Dkt. No. 12-1 (includes CBA). As Plaintiffs expressly refer to and rely on the CBA in their Complaint, and they have not questioned its authenticity or objected to Defendant's request, the Court GRANTS Defendant's request. *See* Fed. R. Evid. 201; *Stone v. Writer's Guild of Am. W.*, 101 F.3d 1312, 1313-14 (9th Cir. 1996) (taking judicial notice of the collective bargaining agreement referred to in plaintiff's complaint).

**LEGAL STANDARD**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

### A.   Worker Adjustment and Retraining Notification Act

With some exceptions and conditions, the WARN Act forbids an employer of 100 or more employees to "order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order." 29 U.S.C. § 2102(a). The employer must notify, among others, "each affected employee" or "each representative of the affected employees." *Id.* § 2102(a)(1). An employer who violates the notice provisions is liable for penalties by way of a civil action that may be brought "in any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business." *Id.* § 2104(a)(5).

The WARN Act does not provide a limitations period; accordingly, there is a "presumption that state law will be the source of a missing federal limitations period." *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 31 (1995). In California, a three year statute of limitations applies to claims for violation of the WARN Act. *Wholesale & Retail Food Distrib. Local 63 v. Santa Fe Terminal Servs., Inc.*, 826 F. Supp. 326, 330-31 (C.D. Cal. 1993) (applying Cal. Civ. Proc. Code § 338, which provides a three year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture."). WARN Act claims accrue when a plaintiff has suffered an "employment loss" of a termination or "a layoff exceeding six months[.]" 29 U.S.C. § 2101(a)(6); *Auto. Mechs. Local 701 v. Santa Fe Terminal Servs., Inc.*, 830 F. Supp. 432, 434 (N.D. Ill. 1993); *Wholesale & Retail Food Distrib. Local 63*, 826 F. Supp. at 331-32.

Plaintiffs allege they suffered an "employment loss" both as part of the November 2011 mass layoff and after Defendant "terminated" them on January 24, 2012. Compl. ¶¶ 23, 29, 38. The accrual of the claim is different based on whether a termination or layoff occurred. "A termination results in an immediate employment loss. If the employees' jobs were terminated, their claim accrued on the alleged date of termination." *Auto. Mechs. Local 701*, 830 F. Supp. at 434. Thus, if Defendant "terminated" Plaintiffs on January 24, 2012, Plaintiffs WARN Act claim

4

accrued on January 24, 2012, and their Complaint, filed more than three years later on July 6, 2015, would be untimely.

If, however, a layoff occurred, "[a] necessary element of a damages claim under the statute is an employment loss and there is no employment loss until the layoff continues for more than six months." *Id.* Thus, if the mass layoff occurred in November 2011, Plaintiffs WARN Act claim accrued no later than May 30, 2012 (six months after the layoff ), and their Complaint would still be untimely.

This leaves the question of whether the January 24, 2012 date constitutes a termination or a layoff. Plaintiffs argue they "had no occasion to even suspect they had a claim under the WARN Act until they were informed they had not been terminated on or about January 24, 2012, as they had been previously informed, but rather they had been laid off" based on the May 7 and June 1, 2012 letters from Ms. Newell. Opp'n at 4. As noted above, Newell informed Plaintiffs they had received incorrect "Termination Notices," and that they were not terminated, but rather were "laid off." *Id.* ¶¶ 24, 30. Defendant does not dispute Plaintiffs received these letters. As a claim based on a layoff cannot accrue until employees have been laid off for more than six months, if the Court were to accept the January 24 date as a mass layoff under the WARN Act, Plaintiffs' claim would not accrue until July 24, 2012 at the earliest. Given that Plaintiffs filed their Complaint less than three years later, their claim would be timely. However, based on the current record, it is not clear that the January 24, 2012 date constitutes a mass layoff under the WARN Act. *See* 29 U.S.C. § 2102(a). Plaintiffs appear to allege the mass layoff occurred in November 2011. Compl. ¶ 38. As such, and until the parties present a more complete record, the Court is unable to make this determination. Accordingly, Defendant's Motion to Dismiss Plaintiffs' WARN Act claim is **DENIED WITHOUT PREJUDICE** to raising the issue with a more developed record[2].

**B.     Labor Management Relations Act**

Defendant argues both that the applicable statutes of limitations bars Plaintiffs' LMRA claim and that they failed to exhaust their administrative remedies. Mot. at 3, 6. As the failure to

---

[2] As Plaintiffs claim may be timely, the Court need not address tolling at this time.

use a union's grievance procedures bars a plaintiff from pursuing remedies in court, *see Guevarra v. Seton Med. Ctr.*, 2013 WL 6235352, at *6 (N.D. Cal. Dec. 2, 2013), *Alvares v. Erickson*, 514 F.2d 156, 160 (9th Cir. 1975), the Court considers this argument first.

Section 301 of the LMRA provides that: "Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). "It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement." *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 163 (1983) (citation omitted). To state such a claim, "an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." *Id.* "[A]n employee's failure to exhaust contractually mandated procedures precludes judicial relief for breach of the collective bargaining agreement and related claims." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985-86 (9th Cir. 2007). As a result, a section 301 claim "must be dismissed" when a complaint "is devoid of any factual allegations demonstrating that [a] plaintiff made an effort to exhaust" a collective bargaining agreement's grievance procedures. *Ortiz v. Permanente Med. Grp., Inc.*, 2013 WL 1748049, at *3 (N.D. Cal. Apr. 23, 2013).

The CBA expressly required Plaintiffs to challenge individually or through their union "any action against an employee . . . involving discharge" through the CBA's grievance process. CBA § 7.1. Under the CBA, "[a] grievance must be filed within three (3) of the employee's work days after its occurrence is discovered." *Id.* § 7.2. Plaintiffs do not presently allege they exhausted their administrative remedies in accordance with the CBA. As such, their LMRA claim must be dismissed. However, the Court shall grant Plaintiffs leave to amend to allege facts demonstrating exhaustion, provided they have a good faith basis for doing so in compliance with Federal Rule of Civil Procedure 11.

## CONCLUSION

Based on the analysis above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss. The Court **DENIES** Defendant's Motion as to Plaintiffs' WARN

1    Act claim **WITHOUT PREJUDICE**.  The Court **GRANTS** Defendant's Motion as to Plaintiffs'

2    LMRA claim **WITH LEAVE TO AMEND**.  If Plaintiffs choose to amend their Complaint, they

3    must do so by December 31, 2015.

4    **IT IS SO ORDERED.**

6    Dated: December 10, 2015                    _____
7                                                                              MARIA-ELENA JAMES
                                                                                 United States Magistrate Judge